{¶ 55} While I agree with the majority's reversal, I write separately because I believe appellants set forth sufficient facts in their complaint regarding their claim for fraudulent inducement. Thus, I would additionally sustain appellants' first assignment of error.
 {¶ 56} The majority maintains that appellants' fraudulent inducement claim was not pled with particularity and was consequently inadequate pursuant to Civ.R. 9(B).
 {¶ 57} The tort of fraudulent inducement may be established by:
 {¶ 58} "(1) [A]n actual or implied false representation concerning a fact or, where there is a duty to disclose, concealment of a fact, material to the transaction; (2) knowledge of the falsity of the representation or such recklessness or utter disregard for its truthfulness that knowledge may be inferred; (3) intent to induce reliance on the representation; (4) justifiable reliance; and (5) injury proximately caused by the reliance."[4]
 {¶ 59} In their complaint, appellants allege the city, through its employees, falsely represented their intentions regarding the construction of the hotel/convention center. Appellants recognize that a cause of action for fraudulent inducement may not be predicated, in general, on a representation concerning a future event.[5] However, as appellants aptly note, a proposed contract entered into with a present intention not to perform is a misrepresentation of an existing fact even where performance is to occur in the future.[6] Appellants contend the city possessed an intent not to execute the plans of the program and, thus, it misrepresented an existing fact. Finally, appellants maintain they relied upon the city's false representation to their economic detriment when they accepted the city's invitation to relocate.
 {¶ 60} For purposes of a Civ.R. 12(C) exercise, appellants were entitled to have all material allegations in their complaint, with all reasonable inferences to be drawn therefrom, construed in their favor as true.[7] Construing the allegations liberally in appellants' favor, I believe they set forth adequate facts to sustain their claim for fraudulent inducement. In so doing, appellants are able to overcome the city's defense of contractual release, because the release was part of the contract that was procured by the fraud alleged in the complaint. Therefore, I would additionally sustain appellants' first assignment of error.
[4] (Citations omitted.) Yo-Can, Inc. v. The Yogurt Exchange, Inc.,149 Ohio App.3d 513, 2002-Ohio-5194, at ¶ 42.
[5] Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 742.
[6] Williams v. Edwards (1998), 129 Ohio App.3d 116, 124.
[7] Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107,108.